UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
VICTOR RIVAS MORALES, #2020002066,

                            Plaintiff,

      -against-

NASSAU COUNTY CORRECTIONS,
NASSAU COUNTY OFFICERS ON DUTY,

                           Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-02554 (JMA)(AKT)

**AZRACK, United States District Judge:**

On May 6, 2021, incarcerated pro se plaintiff Victor Rivas Morales ("Plaintiff") filed a complaint against "Nassau County Corrections" and the "Nassau County Officers on Duty" pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. (See Complaint, ECF No. 1.) However, Plaintiff did not remit the filing fee, nor did he file an application to proceed in forma pauperis and Prisoner Litigation Authorization Form ("PLRA") at the time he filed the Complaint. Accordingly, by Order dated June 21, 2021, Plaintiff was "instructed to either remit the filing fee or file an application to proceed in forma pauperis and the PLRA by July 15, 2021." (See Order, ECF No. 5). The Order cautioned Plaintiff "that a failure to timely comply with this Order absent a showing of good cause will lead to the dismissal of his complaint without prejudice without further notice, judgment shall enter and this case will be closed." (Id.) On August 5, 2021, in light of Plaintiff's failure to respond to the Court's June 21, 2021 Order or otherwise communicate with the Court about this case, the Court dismissed the Complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and directed the Clerk of the Court to enter judgment and to close this case. (ECF No. 6.) Judgment was entered on August 10, 2021. (ECF No. 7.)

1

On August 26, 2021, Plaintiff filed an application to proceed in forma pauperis (ECF No. 9) and the PLRA (ECF No. 10.)  Plaintiff also filed a "Motion for an Extension of Time" (ECF No. 11) and a "Notice of Appeal" to the Second Circuit Court of Appeals.  (ECF No. 12.)

Upon review of Plaintiff's Motion for an Extension of Time, which the Court liberally construes as a Motion for Reconsideration and to Vacate the August 5, 2021 Order and Judgment entered on August 10, 2021, the Court finds that Plaintiff has established good cause to re-open this case.  (See ECF No. 11.)  Accordingly, the Court vacates its August 5, 2021 Order and subsequent judgment, and orders that this case be reopened.

Upon review of the declarations accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Accordingly, the Court grants Plaintiff's application to proceed in forma pauperis, but sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.  However, the Court affords Plaintiff thirty days to file an amended complaint in accordance with the directives of this Order.

## I.     BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form.  Plaintiff seeks to challenge the protocols at the Nassau County Correctional Center ("the Jail") concerning the COVID-19 virus.  According to the complaint, Plaintiff had symptoms of the virus and was tested on February 1, 2021.  (Compl ¶ II.)  He was moved on February 4, 2021

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order.  See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).  Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

from E-1-A-12, where he allegedly was exposed to the COVID-19 virus. (Id.) Plaintiff alleges that corrections officers did not follow the CDC guidelines, did not wear masks, and did not immediately report symptomatic inmates for medical treatment. (Id.) According to the complaint, "all officers on staff would obviously be sick coughing around with no regards of getting someone else sick. Officers would not wear masks and there were no protective barriers nor ventilation for us to breathe." (Id.) Plaintiff claims that he was moved to a "COVID dorm (E-2-D-44)" where there were many COVID-19 positive inmates and they were permitted "to come out 26 at a time." (Id.) Plaintiff alleges that, while he was in that dorm, he had severe body aches, lost his sense of taste and smell, and his "breathing was light." (Id. ¶ II.A.) Plaintiff also claims that his "mental capacity started to deteriorate due to having COVID-19." (Id.) For relief, Plaintiff seeks to recover a monetary award in the sum of $1.5 million. (Id. ¶ III.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious,

3

(ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, even a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

4

    C.    **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the

5

unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Section 1983 Claims Against the Jail

Plaintiff names the Jail as a defendant. However, the Jail is a non-suable entity because it is merely an administrative arm of the municipality, Nassau County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued."); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, Plaintiff's claims against the Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, given Plaintiff's pro se status,

6

the Court next considers whether Plaintiff has alleged a plausible Section 1983 claim when construed as against Nassau County.   For the reasons that follow, he has not.

### 2.    Section 1983 Claim as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort."   Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004).   Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights.   See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.   Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).   "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy."   DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Nassau County.

7

Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Nassau County.

**3. Section 1983 Claims Against the "Nassau County Officers on Duty"**

Plaintiff's Section 1983 claims against the "Nassau County Officers on Duty" are not plausible given the absence of any allegations concerning the personal involvement of any individual Plaintiff seeks to hold liable. (See supra at 5-6.) Given the broad allegations, together with the absence of any identifying information about the specific individuals who allegedly deprived Plaintiff of his constitutional rights, his claims cannot proceed. In accordance with the special solicitude accorded pro se litigants, the Court dismisses these claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b) without prejudice and with leave to file an amended complaint.

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).

Any amended complaint shall name the County of Nassau and/or any individuals Plaintiff seeks to hold liable, and, if Plaintiff does not know their names and/or badge numbers, he may name them as "John/Jane Doe" and shall include factual allegations, at a minimum, setting forth their challenged conduct and/or inaction, and the relevant dates, times, and locations. If Plaintiff

chooses to amend his complaint, he shall do so within thirty (30) days from the date of this Order and his amended complaint shall be clearly labeled "Amended Complaint" and bear the docket number 21-CV-2554(JMA)(AKT). Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. To be clear, Plaintiff may not include the Jail as a defendant in the amended complaint. Alternatively, Plaintiff may pursue any valid claims he may have, including negligence, in state court. Plaintiff is cautioned that a failure to amend his complaint within the time allowed will lead to the entry of judgment and this case will be closed.

### 4. State Law Claims

Given the nature of Plaintiff's allegations, it appears that Plaintiff also seeks to allege state law negligence claims. Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### III. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted. However, Plaintiff's complaint is dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim for relief.

Plaintiff is granted leave to file an amended complaint in accordance with this Order. Any

amended complaint must be clearly labeled "Amended Complaint," bear the same docket number as this Order, 21-CV-2554(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order.

Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. Plaintiff may not include the Jail as a defendant in the amended complaint. If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**

Dated: October 13, 2021
Central Islip, New York

   /s/ (JMA)   
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE